IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARIQ HOFFMAN, | No. 4:24-CV-00087 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| F. GARZA, | |
| Respondent. | |

MEMORANDUM OPINION

MARCH 26, 2024

Petitioner Tariq Hoffman, an inmate confined at the United States Penitentiary, Canaan (USP Canaan) in Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to order the Federal Bureau of Prisons (BOP) to find him eligible for application of earned time credits under the First Step Act of 2018 (FSA)[1] and to immediately apply those credits to his sentence. Hoffman, however, is statutorily ineligible to have FSA credits applied, so the Court must dismiss his petition.

I. **BACKGROUND**

Hoffman is currently serving a 120-month sentence imposed by the United States District Court for the District of New Jersey for a conviction under 18 U.S.C. § 922(g)(1), "felon in possession of a firearm/ammunition."[2] According to

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).
[2] Doc. 1 at 1; *United States v. Hoffman*, No. 3:17-CR-00080, Doc. 22 (D.N.J. Oct. 17, 2017).

Hoffman, his current projected release date, via application of good-conduct time, is October 20, 2024.[3]

Hoffman contends that he has earned FSA time credits but the BOP is refusing to apply those credits because his PATTERN recidivism risk score has been determined to be "high."[4] He asks the Court to order the BOP to find him eligible for application of FSA credits and to apply the credits he has earned, which he maintains would result in immediate release.[5]

## II.  DISCUSSION

The Court has carefully reviewed Hoffman's succinct and straightforward Section 2241 petition. Because it plainly appears from the face of his petition and attached exhibits that he is not entitled to relief, the Court will dismiss his Section 2241 petition without requiring a response from the government.[6]

Hoffman's argument—that he should be deemed eligible for application of FSA time credits even though he has not been assessed as a minimum or low recidivism risk—is one that has been repeatedly and soundly rejected.[7] In order to

---

[3]  Doc. 1 at 1.
[4]  *Id.* at 2.
[5]  *Id.* at 2-3.
[6]  *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).
[7]  *See, e.g.*, *Montgomery v. Barraza*, No. 4:23-CV-00437, 2023 WL 4827083, at *2-3 (M.D. Pa. July 27, 2023) (Brann, C.J.); *Bell v. Finley*, No. 1:21-cv-925, 2022 WL 1721045, at *4 (M.D. Pa. May 27, 2022) (citing 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii));

be eligible to have FSA time credits *applied* toward prerelease custody or supervised release (rather than simply earned), an inmate must satisfy the recidivism risk requirements set forth in 18 U.S.C. § 3624(g)(1)(D)(i)(I) and (ii), respectively. Those statutory provisions require, for early placement in prerelease custody, that the prisoner "has been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner"[8] and, for early placement in supervised release, that "the prisoner has been determined . . . to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."[9] Thus, under either provision, the inmate must be determined to be a minimum or low risk to recidivate before FSA time credits can be applied.[10]

If an inmate cannot meet this recidivism-risk requirement, he or she may alternatively petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release.[11] The warden can approve that petition upon determining that the prisoner (1) "would not be a danger to

---

*Hernandez v. Warden FPC-Lewisburg*, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); *Moody v. Gubbiotti*, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *6 (D.N.J. Oct. 3, 2022) (citing 18 U.S.C. § 3624(g)).

[8] 18 U.S.C. § 3624(g)(1)(D)(i)(I). The corresponding regulation uses slightly different wording but contains the same requirement: the inmate must have "maintained a minimum or low recidivism risk through his or her last two risk and needs assessments." 28 C.F.R. § 523.44(c)(1).

[9] 18 U.S.C. § 3624(g)(1)(D)(ii); *see also* 28 C.F.R. § 523.44(d)(1).

[10] There are additional requirements in Section 3624(g) for application of FSA time credits. For example, to be eligible for application of credits, the prisoner must have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

[11] *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).

society if transferred to prerelease custody or supervised release," (2) "has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities," and (3) "is unlikely to recidivate."[12]

This exception to the minimum- or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and regulation) demands administrative exhaustion.  Nowhere in Hoffman's Section 2241 petition or attached exhibits from the administrative remedy process does he indicate that he ever sought individualized approval from the warden for application of FSA credits despite his "high" recidivism risk.  Moreover, even if Hoffman made the requisite request for this relief and the warden denied Hoffman's petition (and Hoffman followed the required appeal steps as set forth in 28 C.F.R. §§ 542.13-.15), any review of that decision by this Court would be constrained to determining whether the BOP had abused its discretion.[13]

From the face of his Section 2241 petition, it is clear that Hoffman is statutorily ineligible for application of FSA time credits.  His petition, therefore, is without merit and must be dismissed.

---

[12]  *Id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).
[13]  *See Collins v. Warden Canaan FPC*, 2022 WL 2752536, at *2 (3d Cir. 2022) (nonprecedential) (citing *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (explaining that federal court's review of BOP's prerelease-placement decision under Second Chance Act "is limited to whether the BOP abused its discretion")); *see also Bains v. Quay*, No. 3:21-cv-00353, 2021 WL 5343485, at *3 n.9 (M.D. Pa. Oct. 27, 2021) (describing recidivism-risk exception in Section 3624(g)(1)(D)(i)(II) as "discretionary"), *adopting report & recommendation*, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021) (Kane, J.).

### III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Hoffman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge